# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

FARGO SOLUTIONS, INC.
623 Main Avenue East
West Fargo, ND 58078

SYED FARAAZ
66 9th Street E. #2214
St. Paul, MN 55101

Case No.:

COMPLAINT

                Plaintiffs,

   - against-

U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. DEPARTMENT OF HOMELAND SECURITY
c/o Office of the General Counsel,
U.S. Department of Homeland Security
2707 Martin Luther King Jr. Ave SE
Washington, DC 20528-0485

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,
c/o Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

DIRECTOR OF THE USCIS's VERMONT SERVICE CENTER
c/o Office of the Chief Counsel
5900 Capital Gateway Drive
Mail Stop 2120
Camp Springs, MD 20588-0009

                Defendants.

## INTRODUCTION AND SUMMARY

1. This case seeks review under the Administrative Procedure Act of a decision of the defendant USCIS in File No. WAC1917351265, denying plaintiff Fargo Solutions, Inc., (Fargo)'s application to change the plaintiff, Syed Faraaz's, (USCIS "alien" number A140040987) nonimmigrant status to H-1B because "the record does not demonstrate the beneficiary was engaged in valid curricular practical training while attending Harrisburg University of Science and Technology", inasmuch as the decision was not supported by substantial evidence, and so was arbitrary and capricious, when in fact he never attended Harrisburg University of Science and Technology, and all periods he engaged in curricular practical training at Concordia University – St. Paul were fully authorized by USCIS regulations.

2. Further, the regulatory language upon which the decision relied in determining that Mr. Faraaz's curricular practical training employment authorization was not valid not only did not invalidate Mr. Faraaz's said authorization, but was also arbitrary and capricious in that the Department of Justice (DOJ), in amending its regulations so as to incorporate that language, failed to articulate a satisfactory explanation for its action, including a rational connection between the facts found and the choice made, or to explain in any manner why it exercised its discretion to make this amendment, and that not only was DOJ's explanation for this amendment not sufficient to enable a court to conclude that the Department's action was the product of reasoned decisionmaking, but in fact was non-existent.

3. Accordingly, the decision was arbitrary and capricious, and so should be held unlawful and set aside. 5 U.S.C. § 706(2)(A).

## DESCRIPTION OF THE PARTIES

4. Fargo, established in 2011 and located in West Fargo, North Dakota, specializes in software development and consulting. It provides full management and consulting service throughout the development lifecycle and seeks to cover all areas of lnformation Technology, with an eye on niche areas in eCommerce Solutions (Bluemartini, Hy ... bris, ATG Commerce, Endeca and Websphere Commerce) and QA (QTP, QC). It presently employs about fifteen (15) professionals such as Java Developers, QA Analysts, Business Analysts and more. Its current gross income is approximately $1.7 million per annum. Exhibit A at 4.

5. Syed Faraaz is a native and citizen of India who has been admitted to the United States as a foreign student. Mr. Faraaz holds a Bachelors degree in Computer Information Systems from Minnesota State University Moorhead in Moorhead, Minnesota. Exhibit A at 6. He resides in India, and is currently maintaining nonimmigrant foreign (F-1) student status in Minnesota.

6. The U.S. Department of Justice is a department of the U.S. government residing in Washington, D.C. It was the agency which promulgated the regulation relied upon to deny the application to change Mr. Faraaz's nonimmigrant status.

7. The U.S. Department of Homeland Security is a department of the U.S. government residing in Washington, D.C. It has ultimate authority for adjudicating applications for change of nonimmigrant status.

8. The United States Citizenship and Immigration Services (USCIS) is an agency within the U.S. Department of Homeland Security to which the department has apparently delegated it's authority to adjudicate applications for change of nonimmigrant status. It resided solely in the District of Columbia at the time of the foresaid decision and now also resides in Maryland.

9. The Director of the USCIS's Vermont Service Center is an officer of that agency who has apparently been delegated the authority to adjudicate certain applications for change of nonimmigrant status, including the one filed upon behalf of Mr. Faraaz mentioned above. The Director resides in the state of Vermont.

## THE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION

10. This being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. § 551, *et. seq.,* a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## STATEMENT OF RELEVANT FACTS

11. On May 14, 2018, Syed Faaraz, while in F-1 nonimmigrant student status, was authorized by Tiffanie Loeb Schneider, a Designated Student Official (DSO) at Concordia University – St. Paul, to participate in a curricular practical training program that was an integral part of Concordia University's established curriculum from May 14, 2018 to May 9, 2019. Exhibit A at 66-67, 70-72.

12. On April 11, 2019, Fargo filed a Petition for Nonimmigrant Worker (Form I-129), with the USCIS, seeking to classify Syed Faraaz as a specialty occupation (H-1B) nonimmigrant and change his nonimmigrant status in the U.S. to H-1B. Exhibit A at 1.

13. On July 1, 2019, Syed Faaraz, while in F-1 nonimmigrant student status, was authorized by Tiffanie Loeb Schneider, a Designated Student Official at Concordia University – St. Paul, to participate in a curricular practical training program that was an integral part of Concordia University's established curriculum from May 10 to August 23, 2019.  Exhibit A at 68-72.

14. On October 10, 2019, the USCIS's Vermont Service Center Director issued a decision approving Fargo's petition to classify Syed Faraaz as an H-1B nonimmigrant. Exhibit A at 74-76.

15. However, on October 16, 2019, the said Director issued a decision denying the application for change of nonimmigrant status filed by Fargo upon Mr. Faraaz's behalf in relevant part because "The record does not demonstrate the beneficiary was engaged in valid curricular practical training while attending Harrisburg University of Science and Technology. Accordingly, the beneficiary's change of status is denied pursuant to 8 CFR 214.l(c)(5)." Exhibit A at 3.

16. Mr. Faraaz has never attended Harrisburg University of Science and Technology, much less engaged in curricular practical training there.

## CAUSES OF ACTION

### COUNT I

**THE USCIS'S DECISION IS ARBITRARY AND CAPRICIOUS BECAUSE IT IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**

17. 8 C.F.R. § 214.2(f)(10)(i) expressly provides in relevant part that: "An F-1 student may be authorized by the DSO to participate in a curricular practical training program that is an integral part of an established curriculum."

18. The record shows, and the decision did not dispute, that Mr. Faraaz was authorized by a DSO at Concordia University – St. Paul to participate in curricular practical training programs that were an integral part of an established curriculum from May 14, 2018 to August 23, 2019. Exhibit A at 66-72.

19. The record is also bereft of any evidence that Mr. Faraaz ever attended Harrisburg University of Science and Technology, nor engaged in curricular practical training there.

20. Accordingly, the USCIS's Decision denying the application for change of nonimmigrant status filed upon behalf of Mr. Faraaz was arbitrary and capricious because the record does not contain substantial – or any  - evidence that Mr. Faraaz was improperly engaged in curricular practical training at Harrisburg University of Science and Technology or anywhere else.

**WHEREFORE** the USCIS's decision refusing to change Syed Faraaz's nonimmigrant status to H-1B should be held unlawful and set aside. 5 U.S.C. § 706(2).

## COUNT II

### THE USCIS'S DECISION DENYING SYED FARAAZ A CHANGE OF NONIMMIGRANT STATUS ON ACCOUNT OF 8 CFR 214.2(f)(10) WAS ARBITRARY AND CAPRICIOUS BECAUSE THE PORTION OF THAT REGULATION UPON WHICH IT SO RELIED WAS PROMULGATED IN AN ARBITRARY AND CAPRICIOUS MANNER

21. On May 6, 2002, the Department of Justice (DOJ) proposed a Rule "to amend § 214.2(f)(10) to clarify that an F-1 student may be authorized for up to 12 months of practical training for each program level that he or she undertakes. For example, a student

6

who has engaged in 12 months of practical training during study for an undergraduate degree becomes eligible for another 12 months of practical training when he or she changes to a higher educational level, such as a master's degree." 67 FR 34862, 34867.

22. On December 11, 2002, the Department of Justice promulgated a Final Rule implementing this amendment. 67 FR 76256, 76274.

23. Neither of these publications articulated any explanation for the DOJ action or made any rational connection between the facts found and the choice made or explained in any manner why the DOJ had exercised its discretion in this manner.

24. Not only was DOJ's explanation for this regulatory change not sufficient to enable a court to conclude that the agency's action was the product of reasoned decisionmaking, but in fact it offered no explanation whatsoever.

25. "To satisfy the APA's arbitrary and capricious standard, an agency must 'articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made.… (the) agency must cogently explain why it has exercised its discretion in a given manner, … and that explanation must be 'sufficient to enable [a court] to conclude that the [agency's action] was the product of reasoned decisionmaking." *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 48, 52 (1983)) (internal quotation marks omitted).

26. Accordingly, the DOJ's amendment of 8 C.F.R. § 214.2(f)(10) to provide in relevant part that "(a) student may be authorized 12 months of practical training, and becomes eligible for another 12 months of practical training when he or she changes to a higher educational level" was arbitrary and capricious.

WHEREFORE the USCIS's decision refusing to change Syed Faraaz's status to H-1B nonimmigrant worker on the grounds that he violated his status through failing to comply with the mentioned portion of 8 C.F.R. § 214.2(f)(10) should be held unlawful and set aside.

## COUNT III

### THE COURT SHOULD COMPEL THE USCIS TO PROMPTLY ISSUE A LAWFUL DECISION

26. The USCIS's unlawful denial of a change of status to Syed Faraaz has unreasonably delayed a lawful adjudication on the application to change his nonimmigrant status to H-1B. WHEREFORE the USCIS should be compelled to render a lawful decision on the application to change Syed Faraaz's nonimmigrant status to H-1B in no more than thirty (30) days after the Court's Order setting the instant unlawful one aside. 5 U.S.C. § 706(1).

Respectfully Submitted this 10th day of June, 2021

s/*Michael E. Piston*
Michael E. Piston (MI 002)
Transnational Legal Services, P.C.
1955 W. Hamlin Rd. Ste 100
Rochester Hills, MI 48309
646/845-9895
Fax: 206-770-6350
Michaelpiston4@gmail.com